IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PETER CICALE, JR., and FRANCES REMY, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROFESSIONAL PARKING MANAGEMENT CORPORATION, and YSA ARM LLC d/b/a OXYGEN XL, <br><br> Defendants. | ) Case No. 24-cv-61146-AHS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING DISPOSITION OF THEIR DISPOSITIVE MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Professional Parking Management Corporation ("PPM") and YSA ARM LLC d/b/a Oxygen XL ("Oxygen"), pursuant to S.D. Fla. Local Rule 7.1 and Federal Rule of Civil Procedure 26(c), respectfully move the Court for entry of an order staying discovery in this matter until 30 days after the Court rules on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint and Incorporated Memorandum of Law (the "Motion to Dismiss" and/or "Motion") filed on August 30, 2024 [D.E. 19]. Defendants' Motion to Dismiss raises threshold, case-dispositive issues regarding the legal sufficiency of Plaintiffs' claims and Plaintiff Remy's standing to bring suit. Defendants should not have to incur the expense and effort of responding to Plaintiffs' broad discovery requests before this Court has determined whether Plaintiffs have viable claims or whether Plaintiff Remy even has standing to bring her claims.

## BACKGROUND

On August 4, 2024, Plaintiffs Peter Cicale, Jr. ("Cicale") and Frances Remy ("Remy") (collectively, "Plaintiffs") filed a First Amended Class Action Complaint (the "Amended Complaint") against Defendants. [D.E. 10]. The Amended Complaint contains five counts on behalf of an array of putative classes and subclasses. Count I alleges that Defendants violated the Driver Privacy Protection Act 18 U.S.C. §§ 2721, *et seq.* ("DPPA") and Count IV alleges that Defendants' alleged violations of the DPPA constitutes *per se* violations of Florida's Deceptive and Unfair Trade Practices Act, Florida Statute §§ 501.201, *et seq.* ("FDUTPA"). The remaining counts (Counts II, III, and V) are solely against PPM. In Count II, Plaintiffs assert that PPM violated the Florida Consumer Collections Practices Act ("FCCPA"). Count III alleges that PPM violated the FDUTPA by listing the legally-authorized steps PPM could take (but did not) if Plaintiffs did not pay for their parking. Count V, brought by Plaintiff Cicale, claims PPM further violated FDUPTA because Cicale was charged a lawful credit card convenience fee when he finally paid for his parking. Remy is not included in Count V because she has never paid PPM. The Non-Payment Notices that PPM sent to Cicale and Remy at their homes, after they parked in a private, PPM-managed parking lot and failed to pay, are attached as Exhibits A and B, respectively, to the Amended Complaint [D.E. 10-2 and 10-3]. The collection letter that Oxygen sent on behalf of PPM to Remy's home, after Remy ignored PPM's non-payment notice, is attached as Exhibit C to the Amended Complaint [D.E. 10-4].

On August 30, 2024, Defendants filed their dispositive Motion to Dismiss [D.E. 19]. As discussed in the Motion, Plaintiffs have failed to adequately plead claims under the DPPA, the FDUPTA, and the FCCPA and Plaintiff Remy has no standing to bring any of her claims. A

cursory review of Defendants' Motion to Dismiss shows that the motion has merit and would dispose of the entire case.

On September 6, 2024, Plaintiffs served substantial and far-reaching discovery requests on Defendants, consisting of 11 Interrogatories, 28 requests for production, and 12 requests for admission (the "Discovery Requests"). Copies of Plaintiff's Discovery Requests are attached hereto as Exhibit A. Plaintiff's Discovery Requests seek discovery as to potentially hundreds of thousands of customers in a putative nationwide class over a four-year time period. *See* Ex. A, p. 2 ¶ 3, p. 4 ¶¶ 11-12, p. 18 ¶¶ 11-12, p. 34 ¶¶ 11-12. Defendants' deadline to respond to the Discovery Requests is October 7, 2024. Likewise, on September 9, 2024, Plaintiffs served two notices of intent to serve subpoena duces tecum that request significant, nationwide non-payment notices and collections information related to the Defendants. Copies of Plaintiff's Notices of Intent to Serve Subpoenas are attached hereto as Exhibit B.

To avoid the unnecessary burden on the parties, subpoenaed entities, and the Court, and consistent with Eleventh Circuit law, Defendants respectfully request that discovery in this action be stayed until 30 days after the Court rules on Defendants' Motion to Dismiss.

## ARGUMENT

### I.     Legal Standard

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Lopez v. Miami-Dade Cnty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015). "A stay of discovery is appropriate where the movant shows good cause and reasonableness." *Varga v. Palm*

*Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (internal quotation marks omitted).

In deciding whether to stay discovery pending resolution of a dispositive motion, a court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retain Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C. 1988)). In considering a stay, the court "may take a 'preliminary peek' at the merits of a motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *Brooks v. Event Ent. Grp., Inc.*, 2020 WL 5535346, at *2 (S.D. Fla. Sept. 15, 2020) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)); *see also Glynn v. Basil Street Partners, LLC*, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010) (staying discovery after court took preliminary peek at dispositive motion to determine whether it was "clearly meritorious and truly case dispositive").

**II.     Good Cause Exists to Stay Discovery.**

"[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (internal quotation marks omitted). Indeed, the Eleventh Circuit has established a clear rule that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997)).

Consistent with the foregoing, district courts in the Eleventh Circuit routinely stay discovery pending resolution of a dispositive motion. *See Moore v. Potter,* 141 F. App'x 803, 807-08 (11th Cir. 2005) (affirming district court's order staying discovery pending ruling on

4

defendants' motion to dismiss); *Dry Tech 24/7, Inc. v. Clorox Co.*, 2022 WL 20834472, at *1 (S.D. Fla. Dec. 2, 2022) (granting motion to stay discovery pending a ruling on motion to dismiss, noting that the Eleventh Circuit "recently expressed its concern regarding the burdens and costs of conducting discovery before potentially dispositive motions are resolved"); *Heikka v. Safeco Ins. Co. of Ill.*, 2021 WL 10256974, at *1 (S.D. Fla. Nov. 1, 2021) (granting motion to stay discovery pending ruling on dispositive motion to dismiss and finding that the requested stay was "reasonable in scope and helpful for the control of [the Court's] docket"); *Rodriguez v. Imperial Brands plc*, 2022 WL 2231504, at *6 (S.D. Fla. May 25, 2022) (staying discovery pending a ruling on defendant's motion to dismiss); *Solar Star Sys., LLC v. Bellsouth Telecomm., Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (granting motion to stay discovery pending ruling on motion to dismiss, explaining that "[p]otentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay"); *Carcamo v. Miami- Dade Cnty.*, 2003 WL 24336368, at *1 (S.D. Fla. Aug. 1, 2003) (same).

Here, a "preliminary peek" of Defendants' Motion to Dismiss shows that the motion has merit and raises threshold issues that are "case dispositive," and therefore warrants a stay of discovery.

As discussed in the Motion to Dismiss, Plaintiff Remy lacks standing to bring her claims because she has failed to allege an "injury in fact," and asserts only conclusory allegations. *See* Mot. to Dismiss at 5.  Remy does not allege any actual damages (*e.g.*, that she paid for her parking or that she wasted time or money by disputing the parking charge), any injury with a common law analog, or that she was misled in any way. *See id.* at 5-6. Remy does not explain how she was allegedly harassed, annoyed, distressed, or how her privacy was invaded or seclusion intruded upon by PPM's notice or Oxygen's letter, both of which were only sent to Remy's home address.

*See id.* at 6; *see also* D.E. 10-3 and 10-4. Remy's claims thus rest solely on alleged "bare statutory violations" and conclusory allegations of harm, which are insufficient to confer standing. *See* Mot. to Dismiss at 5-6.

Additionally, Plaintiffs have failed to, and cannot, plead DPPA or *per se* FDUTPA claims. First, DPPA broadly authorizes business uses of a driver's DMV information and Plaintiffs have failed to allege any impermissible use by Defendants. This alone defeats Plaintiffs' DPPA claim. *See id.* at 7-8. Second, Plaintiffs' allegations that Defendants only used Plaintiffs' information to send them a "parking charge notice" and, as to Remy, a collection letter, in order to initiate a potential litigation or adjudicatory procedure confirm that Defendants' use of Plaintiffs' information is expressly authorized by subsection (4) of DPPA. *See id.* at 9-11. Third, in pleading that Defendants only used Plaintiffs' information to send a "parking charge notice," and to collect on the debt owed, Plaintiffs concede that both Defendants' use of Plaintiffs' information is expressly authorized under subsection (14) of DPPA, which permits the use of DMV information "[f]or any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety." *See id.* at 11-14; 18 U.S.C. § 2721(b)(14). PPM's notices are clearly "related to the operation of a motor vehicle," and they are specifically authorized by Fla. Stat. § 715.075, which provides that the "owner or operator of a private property used for motor vehicle parking" may mail to the vehicle's owner an "invoice for parking charges." *See* Mot. to Dismiss at 12-13. Since PPM's conduct was expressly authorized by Fla. Stat. § 715.075, Oxygen, who only acted as PPM's agent, is entitled to the benefit of the same statute. *See id.* at 13-14. Oxygen's conduct was also authorized by, and in compliance with, the FCCPA. *See id.* 14-15. In light of the foregoing, and as discussed in the Motion to Dismiss,

6

Plaintiffs' DPPA claim fails. For these same reasons, Plaintiffs' *per se* FDUTPA claim, which is based on Defendants' alleged DPPA violations, also fails. *See id.* at 15.

Further, Plaintiffs have failed to adequately plead the two additional FDUTPA claims against PPM. *See* Mot. to Dismiss at 15-18. In Count III, Plaintiffs assert that PPM's alleged threats to "tow and boot" vehicles for unpaid parking charges (which, according to Plaintiffs, PPM does not have the legal right to do), are a violation of the FDUTPA. However, as discussed in the Motion, Florida law explicitly authorizes a private property owner or operator to "tow[] or remov[e] [] any vehicle or vessel from private property without the consent of the registered owner," subject to certain conditions (*see* Fla. Stat. § 715.07(2)(a)), and there are local ordinances that allow for the booting of vehicles on private property. *See* Broward County Code of Ordinances Section 20-176.19(a)(2); Mot. to Dismiss at 15-17. PPM's notices merely recite this legal right, stating that if Plaintiffs failed to pay for parking, towing or booting "**MAY RESULT**." *See* Mot. to Dismiss at 17. In Count V, Plaintiff Cicale alleges that PPM's $4.99 convenience fee for online and telephone payments is a violation of the FDUTPA. Yet Cicale was under no obligation to incur the convenience fee, as he could have avoided the fee by mailing a check. *See id.* Regardless, PPM was statutorily entitled to set fees in connection with its private parking lot under Fla. Stat. § 715.075(1)(a). And, because PPM clearly disclosed the purpose of its optional convenience fee, there is nothing unfair or deceptive about it. *See id.* at 17-18.

Finally, as discussed in the Motion, Plaintiffs have failed to adequately plead a FCCPA claim against PPM. *See id.* at 18-23. First, Plaintiffs fail to state a claim for harassing conduct under FCCPA § 559.72(7) because, contrary to Plaintiffs' allegations, PPM was legally authorized to have a vehicle towed or booted if its owner failed to pay for parking (*see* Fla. Stat. § 715.07(2)(a); Broward County Code of Ordinances Section 20-176.19(a)(2)). The PPM notices

7

were also far from a "threat," but rather, merely stated that towing or booting "may result" if Plaintiffs failed to pay for parking and their cars remained at PPM's private parking lot. *See* Mot. to Dismiss at 19-20. Second, Plaintiffs fail to state a claim under FCCPA § 559.72(9) because PPM was statutorily authorized to have any unlawfully parked vehicle towed or booted and Plaintiffs fail to allege any facts showing that PPM knowingly misrepresented this right. *See id.* at 20-21. In addition, Plaintiffs appear to allege that PPM attempted to collect an illegitimate charge, but they fail to allege any facts suggesting that PPM knew its charges were illegitimate (which they were not). On the contrary, Cicale concedes he failed to pay for parking and Remy concedes she used PPM's private parking lot for 32 minutes before exiting without paying, thereby conceding the charges' legitimacy. *See id.* at 21-22. Accordingly, Plaintiffs' FCCPA claim against PPM fails.

In short, Defendants have raised "legitimate standing challenges" to Plaintiff Remy's requested relief, and, therefore, "discovery should not commence until such challenges are resolved." *Taylor v. Serv. Corp. Int'l*, 2020 WL 6118779, at *3 (S.D. Fla. Oct. 16, 2020); *see also Varga*, 2010 WL 8510622, at *1 ("The…standing issues are threshold legal issues that are case-dispositive. It is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised."). Defendants have also raised legitimate challenges to the legal sufficiency of all of Plaintiffs' claims, which again necessitates a stay of discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."). Accordingly, a stay of discovery is warranted.

### III. A Stay of Discovery Is Reasonable.

It is reasonable to stay discovery pending a ruling on Defendants' Motion to Dismiss. Indeed, declining to stay discovery would unfairly prejudice Defendants because Defendants would face "unreasonable discovery burdens…absent a stay," *Taylor*, 2020 WL 6118779, at *4, "particularly given the expansive nature of Plaintiff's discovery requests, many of which relate to the putative class." *Pierce v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014). As the *Chudasama* court explained:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

*Chudasama,* 123 F.3d at 1368. Defendants will be "forced to incur significant costs if [they] must respond to discovery about claims that ultimately may not be properly part of this case." *Taylor*, 2020 WL 6118779, at *4. Thus, while their potentially dispositive motion is pending, Defendants "should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law." *Chevaldina v. Katz*, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017).

Further, "a brief stay of discovery would not prejudice Plaintiff." *Taylor*, 2020 WL 6118779, at *4; *see also Ave Maria Univ. v. Sebelius,* 2012 WL 13059434, at *2 (M.D. Fla. Nov. 28, 2012) ("[D]elaying discovery until the Court rules on whether it has jurisdiction will cause Plaintiff little, if any, harm."). Defendants have already filed their Motion to Dismiss. A stay until the motion's resolution would be relatively brief. *Latell v. Triano*, 2014 WL 5822663, at *2 (M.D. Fla. Feb. 28, 2014) ("Delaying discovery [for 90 days] until the Court rules on whether it has jurisdiction and Plaintiff has stated a viable cause of action will cause Plaintiff little harm.").

9

Moreover, "staying discovery will only delay the resolution of the case if the Motion to Dismiss is denied, and there is a significant possibility that it will be granted." *Ave Maria,* 2012 WL 13059434, at *2. Ultimately, "should the case proceed, Plaintiff will have ample opportunity to conduct discovery." *Taylor*, 2020 WL 6118779, at *4; *see also Textile USA, Inc. v. Diageo N. Am., Inc.*, 2016 WL 11317301, at *1 (S.D. Fla. June 8, 2016) ("Because the discovery deadline set out in the Court's scheduling order for this case [is a year after the order staying discovery], a brief stay in discovery would not prejudice Plaintiff.").

### IV.   A Stay of Discovery is Warranted to Effectuate Judicial Economy.

Temporarily staying discovery here will "preserve resources for all parties, including the Court." *Chevaldina*, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017). As the *Chudasama* court stated:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama,* 123 F.3d at 1368. Courts in this district "routinely exercise the power to stay a proceeding where a stay would promote judicial economy and efficiency." *Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, 2016 WL 10952495, at *1 (S.D. Fla. Dec. 29, 2016); *accord Theodore D'Apuzzo, P.A. v. U.S.,* 2017 WL 3098713, at *2 (S.D. Fla. Apr. 11, 2017) (granting stay of discovery where defendant "would suffer prejudice and undue burden should discovery proceed pending the Court's decision on the motion to dismiss."); *Taylor*, 2020 WL 6118779, at *4 (same); *Chevaldina*, 2017 WL 6372620, at *3 (same); *Pierce*, 2014 WL 12528362, at *1 (same).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order staying all discovery in this matter until 30 days after the Court rules on Defendants' Motion to Dismiss.

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), counsel for Defendants certifies that they conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in the motion. Plaintiffs' counsel advised that Plaintiffs oppose the relief requested herein.

Respectfully submitted,
COZEN O'CONNOR

 /s/ Jason Domark
Jason Domark, Esq.
Florida Bar No. 880191
jdomark@cozen.com
Hayley H. Ryan, Esq.
Florida Bar No. 1032623
hryan@cozen.com
200 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (305) 397-0801
Fax: (305) 704-5955
*Counsel for Defendant, Professional Parking Management Corporation and YSA Arm LLC d/b/a OxygenXL*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 10, 2024, I served a copy of the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                         */s/ Jason Domark*
                                                                        Jason Domark

Bret L. Luskin, Jr., Esq.
Bret Lusskin, P.A.
1025 E. Hallandale Beach Blvd., Ste 1532
Hallandale Beach, FL 33009
Tel: (954) 454-5841
e-mail: blusskin@lusskinlaw.com
Counsel for Plaintiff
Served via transmission of Notice of
Electronic Filing generated by CM/ECF

Scott D. Owens, Esq.
Scott D. Owens, P.A.
2750 N. 29th Ave., Suite 209A
Hollywood, FL 33020;
Tel: (954) 589-0588
E-mail: scott@scottdowens.com
Counsel for Plaintiff
Served via transmission of Notice of
Electronic Filing generated by CM/ECF

Janet R. Varnell. Esq. (jvarnell@vandwlaw.com)
Brian W. Warwick, Esq. (bwarwick@vandwlaw.com)
Christopher J. Brochu, Esq.(cbrochu@vandwlaw.com)
Pamela G. Levinson, Esq. (plevinson@vandwlaw.com)
Jeffrey L. Newsome, Esq. (jnewsome@vandwlaw.com)
Varnell & Warwick, P.A.
400 N. Ashley Drive, Suite 1900
Tampa, FL 33602 Tel: (352) 753-8600
Counsel for Plaintiff
Served via transmission of Notice of
Electronic Filing generated by CM/ECF